No. 29,674.

FRANK L. BOYER, *Appellee*, v. LAVINA E. DAY, *Appellant*.

(297 Pac. 432.)

Opinion filed April 11, 1931.

*David Ritchie,* of Salina, for the appellant.

*L. A. McNalley* and *F. D. Boyce,* both of Minneapolis, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for an accounting and for a judgment for the sum found due plaintiff. The trial court made findings of fact and rendered judgment for plaintiff for $500. Defendant has appealed.

George W. Boyer died in May, 1921, leaving a widow, Lydia Boyer, his son Frank L. Boyer, plaintiff herein, and his daughter Lavina E. Day, defendant here. By the will he gave to each of his children $25 and—

"To my wife, Lydia Boyer, I give, devise and bequeath the balance of my estate, personal, real and of every kind soever, for her use and benefit during her lifetime. And I order and direct that whatever there may be remaining of my estate after the death of my said wife, Lydia Boyer, I give, devise and bequeath to my daughter, Lavina E. Day, and to my son, Frank L. Boyer, to be divided equally, share and share alike. I appoint Lavina E. Day, executrix of this my last will."

The will was duly probated, Lavina E. Day was appointed

executrix, and in August, 1923, made final settlement in the probate court. At that time the assets of the estate consisted of $165.45 in cash on deposit in the Delphos State Bank, eight electric light bonds of the denomination of $500 each of the city of Delphos, of the value of $4,000, and some household furniture of the value of $200. This property was turned over to Lydia Boyer by the executrix. On April 12, 1926, Lydia Boyer executed an instrument in which she acknowledged that her daughter, Lavina E. Day, since the death of her husband, G. W. Boyer, at her direction and request, had been attending to her business as her agent, and at her direction and request had from time to time drawn from her account at the State Bank of Delphos money on checks signed by Lavina E. Day, and that the money so drawn had been so used in her behalf; that the checks had been signed and charged to her account with her knowledge and at her request, and she appointed her daughter Lavina E. Day her attorney in fact to transact any business for her and to collect any money due her and receipt for the same, and to sell and dispose of any personal property she might have, pay all lawful bills she might owe, and to check on her account for the payment of such bills. This was acknowledged and left at the bank.

Lydia Boyer died in January, 1928. Thereafter the plaintiff requested of defendant an accounting of the money left to the mother by the father's will and the payment to him of one-half of it. Defendant replied in substance that the money had all been used by the mother. In September, 1928, plaintiff brought this action.

The trial court's findings of fact were of the death of George W. Boyer, those he left as heirs at law, the fact that he left the will of which Lavina E. Day was appointed executrix, and of the property on hand at the time the estate was closed, and she was discharged as executrix, all as above stated; also that shortly before the death of George W. Boyer he and his wife conveyed to defendant a dwelling house and several lots in Delphos, of the value of $1,200; that plaintiff had received no property, real or personal, from his parents, and that after the death of George W. Boyer his widow, Lydia Boyer, and the defendant and her family lived together and defendant looked after all the business of Lydia Boyer and attended to all her affairs; she purchased with the money of Lydia Boyer an automobile for the use of herself and her mother, paying $375 for the same, and that after the death of her mother she caused to be

erected at the grave of her father and mother a tombstone at a cost of $200, and that defendant paid the funeral expenses and the expenses of the last illness of her mother, the amount of which the testimony does not disclose; that. George W. Boyer had received a soldier's pension, and after his death the widow, to the time of her death, received a pension of $30 per month; that up to within a short time prior to her death Lydia Boyer had been in fairly good health, had always lived a simple life, and her wants were limited. She rarely needed the services of a physician and her last illness was of but short duration. The trial court made conclusions of law, that the defendant managed the affairs of Lydia Boyer and had the custody of her property in a fiduciary capacity and as trustee for her brother, the plaintiff, and it was her duty to render an accounting as such trustee; that she had failed to render such an accounting and that plaintiff was entitled to a judgment of $500 against the defendant.

The defendant, having appealed, presents two questions: First, with respect to the construction of the clause in the will above quoted. Appellant contends that by this provision of the will Lydia Boyer was given all of the estate of the testator not mentioned in other provisions of the will for and during her natural life, with a right to dispose of the same, and only that which was left at the time of her death could pass to the children of the testator. Appellee contends that this paragraph of the will created a life estate to the property in the widow with the remainder over to his children, and that it gave to the widow the limited right to sell or dispose of the property only for the purpose of support, comfort or maintenance.

In view of the evidence in this case and the findings and judgment of the trial court it would serve no useful purpose to analyze the contentions of the parties with respect to the construction of the will. The evidence disclosed that only six of the bonds had been sold or cashed within the lifetime of Lydia Boyer. Two of them were unaccounted for. Defendant disclaimed any knowledge of their whereabouts, although she had them at the time she was discharged as executrix, and since her father's death had looked after all of the business pertaining to his estate and for her mother. The judgment of the trial court required her to turn over a sum equal to one-half of the face of the bonds unaccounted for. Judgment for that much would have been justified under either interpretation of the will.

Appellant's second contention is that neither the evidence nor the

findings of the court support the judgment which was rendered. The evidence supports it very well. There is a lack of definiteness in the findings as to the sum that should be divided between the parties. The findings would have supported a judgment for plaintiff larger than the one rendered. The appellant, therefore, is in no position to complain of the judgment, and since there is no cross appeal the judgment will stand.

It is clear that defendant handled the money left by her father as executrix and as confidential agent of her mother. It is clear that plaintiff is entitled to at least half that was left after the mother was gone. Defendant's position of trust and confidence made it incumbent upon her to keep account of the money used and to render such an account to plaintiff. She did not do so. Perhaps she did not keep sufficient account that she could render an accurate account as should have been done. The trial court dealt with the matter as best it could, and appellant has no reason to complain.

The judgment of the court below is affirmed.

SLOAN, J., not participating.